IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANITA MARYSKOVA,<br><br>          Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; MERRICK B. GARLAND, Attorney General of the U.S.; UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services; LOREN K. MILLER, Director, Nebraska Service Center, U.S. Citizenship Immigration Services; and CHRISTOPHER WRAY, Director, Federal Bureau of Investigations;<br><br>          Defendants. | 4:21CV3300<br><br>ORDER |

       This matter is before the Court on plaintiff Anita Maryskova's ("Maryskova") "Emergency Motion to Postpone the Effectiveness of the USCIS Decisions or in the Alternative for a Preliminary Injunction" (Filing No. 12), asking the Court to preserve the status quo by staying the effective date of the U.S. Citizenship Immigration Service's ("USCIS") decisions on her Form I-140 Petition for Immigrant Worker ("Form I-140") and Form I-485 Application to Adjust Status to permanent residency ("Form I-485"). *See* 5 U.S.C. § 705; Fed. R. Civ. P. 65(b). For the reasons stated below, her motion is denied.

**I.    BACKGROUND**

       Maryskova filed her Form I-140 on May 26, 2020, seeking classification as an alien of extraordinary ability, pursuant to Immigration and National Act ("INA") § 203(b)(1)(A). On the same day, she filed her Form I-485 to adjust her immigration status to permanent resident status.

As to her Form I-140, USCIS issued a Request for Evidence ("RFE"), seeking to obtain further evidence of Maryskova's alleged extraordinary abilities as a soccer player and coach. USCIS evaluated the evidence she submitted through counsel, and USCIS determined that she did not meet her burden. USCIS denied her Form I-140 on October 1, 2020, and Maryskova filed an I-190B, Notice of Appeal, on November 3, 2020, asking USCIS to reconsider. That request for reconsideration was denied.

On May 28, 2021, Maryskova's Form I-485, which relied on an approval of her Form I-140 as a person of extraordinary ability, was denied by USCIS. She again filed a Notice of Appeal or Motion to the Administrative Appeals Office on August 4, 2021, requesting further review of her underlying Form I-140 decision, which was denied as untimely. Maryskova then brought this action in this Court on October 26, 2021, again seeking review of the denial of her Form I-140 petition.

Once USCIS denied Maryskova's Form I-485 application on May 28, 2021, she began to accrue "unlawful presence" time under 8 U.S.C. § 1182(a)(9)(B). Under this statute, if an alien is "unlawfully present" in the United States for over 180 days and "voluntarily depart[s]," that person cannot seek admission into the United States for three years. For the purposes of this case, Maryskova's 180-days are up on November 23, 2021. But if Maryskova were to prevail on her underlying claim—that is, if the Court were to find USCIS's decision denying her Form I-140 petition was arbitrary or capricious—any additional time she spends in the United States will not be considered unlawful.

For these reasons, Maryskova states "emergency relief is necessary" to prevent her from suffering "the serious and irreparable harm of being forced to depart the United States on/or before November 23, 2020 to avoid accruing a three year bar from reentering the United States under INA § 212(a)(B), (C); 8 U.S.C. § 1182(a)(9)(B)." The defendants object (Filing No. 15) to Maryskova's motion and move the Court to deny it for lack of subject-matter jurisdiction and for failure to make a sufficient showing under Rule 65.

## II. DISCUSSION

The defendants first argue this Court does not have subject matter jurisdiction to consider Maryskova's motion for preliminary injunction because statute precludes judicial review of her Form I-485 application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B). While this statute does "foreclose[] our review of the denial of adjustment of status," *Sugule v. Frazier*, 639 F.3d 406, 411 (8th Cir. 2011), the Court can "review a predicate legal question that amounts to a nondiscretionary determination underlying the denial of relief," *Al-Saadoon v. Barr*, 973 F.3d 794, 802 (8th Cir. 2020) (rehearing and rehearing en banc denied). Under the facts of this case, there is a strong argument that the underlying decision of Maryskova's Form I-140 petition is a predicate legal question reviewable by this Court. Therefore, the Court will analyze Maryskova's motion for preliminary injunction on its merits.

A "'preliminary injunction is an extraordinary remedy,' and the 'party seeking injunctive relief bears the burden of proving' that the relevant factors 'weigh in its favor.'" *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1015 (8th Cir. 2020) (quoting *Mgmt. Registry, Inc. v. A.W. Cos.*, 920 F.3d 1181, 1183 (8th Cir. 2019)). In deciding a preliminary injunction, the Court weighs four factors set out in *Dataphase Systems, Inc. v. C L Systems, Inc.*: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

Although no single factor is necessarily determinative, the "likelihood of success on the merits is the most significant factor," *Laclede Gas Co. v. St. Charles County.*, 713 F.3d 413, 419 (8th Cir. 2013), and "the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied." *CDI Energy Servs. v. W. River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009). Under the facts of this case, Maryskova has not shown she is likely to succeed on the merits of her underlying Form I-140 claim under the Administrative Procedure Act ("APA"). To succeed on such a claim,

she would have to show USCIS's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See* 5 U.S.C. § 706(2)(A). This standard is highly deferential to the findings of a government agency. *Sierra Club v. E.P.A.*, 252 F.3d 943, 947 (8th Cir. 2001). Agency action is arbitrary and capricious only where it is not supportable on any rational basis. *See Falk v. U.S. ex rel Dept. of Interior*, 452 F.3d 951, 953 (8th Cir. 2006) (citing *Bradley v. Bureau of Alcohol, Tobacco, & Firearms*, 736 F.2d 1238, 1240 (8th Cir. 1984)). USCIS conducted a thorough review of her Form I-140 petition materials, as evidenced by its decision letter issued on October 1, 2020 (Filing No. 1-4), and USCIS made specific findings as to each criteria Maryskova submitted to support her petition. Although Maryskova alleges certain factual and legal deficiencies in USCIS's decision denying her Form I-140 petition, this Court "is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971). On this limited record, Maryskova has not met her burden to show USCIS's decision was arbitrary or capricious.

The Court next considers the threat of irreparable harm. *See Dataphase*, 640 F.2d at 113. Maryskova alleges she will suffer irreparable harm if the Court does not grant her requested relief because "the failure to postpone these decisions will require that she depart from the U.S. on or before November 23, 2021, thereby abandoning her Form I-485 application, so as to avoid accruing a three year bar from reentering the United States." While the Court does not take that alleged harm lightly, it appears that neither leaving the United States in the near future nor abandoning her Form I-485 application will have any impact her ability to maintain this action. The government also points out that if she were to prevail on her APA claim, "her accrual of unlawful presence would no longer be in effect," and she "would be able to continue her pursuit of her application for adjustment of status and, if otherwise eligible, adjust her status to permanent resident." Maryskova, too, seems to concede that point. On balance, the Court finds this factor weighs against issuing a preliminary injunction on the eve of her apparent departure.

Finally, the last two factors—the balance between the harm and injury to the other party and the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). While Maryskova argues the government and USCIS would not be harmed by maintaining the "status quo," the government defendants and the public have an equally important interest in carrying out the nation's complex and detailed immigration laws. The Court finds these two factors are neutral to its analysis.

After a careful review of the record and balancing the *Dataphase* factors, the Court finds Maryskova's "Emergency Motion to Postpone the Effectiveness of the USCIS Decision or in the Alternative for a Preliminary Injunction" (Filing No. 12) is denied.

IT IS SO ORDERED.

Dated this 19th day of November 2021.

                                          BY THE COURT:

                                          Robert F. Rossiter, Jr.
                                          Chief United States District Judge